IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JONATHAN JOE,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:21CV85
                                            (GROH)

CHUCK BERGEN; DENISE BERGEN;
EMPLOYEE ANYA; TRINITY
ASHBURN CHURCH; and BB&T BANK,
BERKELEY SPRINGS BRANCH

                Defendants.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is Plaintiff Jonathan Joe's, ("Plaintiff") pro se Motion [ECF No. 5] for Leave to Proceed In Forma Pauperis. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se complaint [ECF No. 1] sets forth any viable claims.[1] See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff failed to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

---

[1] On June 17, 2021, the Court received a letter from Plaintiff. In the letter, Plaintiff states that he had the Defendants served with the complaint. However, on June 14, 2021, Plaintiff filed a motion to proceed *in forma pauperis*. ECF No. 5. Because of this motion, the Court may screen Plaintiff's complaint and decide if Plaintiff has stated a claim before the case can proceed. No summonses have been issued by the Clerk of the Court. Therefore, Plaintiff **DID NOT** have the authority to serve Defendants. As a result, some of the Defendants have retained counsel, and counsel has already submitted filings. Nevertheless, the Court will now consider Plaintiff's complaint and submit this Report and Recommendation as to whether this action should proceed.

1

## II.    THE COMPLAINT[2]

On June 4, 2021, Plaintiff filed the instant pro se complaint alleging that Defendants Chuck Bergen; Denise Bergen; Employee Anya; Trinity Ashburn Church; and BB&T Bank, Berkeley Springs Branch (collectively, "Defendants") harmed Plaintiff by committing a cyber offense against him. ECF No. 1 at 2. Plaintiff asserts that Defendants used an email address connected to a judicial misconduct complaint to commit the offense. Id. Plaintiff seeks $1,000,000.00 in monetary damages and the filing of criminal charges.

On July 19, 2021, Plaintiff filed "Complaint and Request for Injunction." ECF No. 11. While it appears to bear much of the same information as the complaint [ECF No. 1], Plaintiff includes that the underlying incident caused a "physical altercation, arrest, anxiety stress and mental heath evaluation." Id. at 4. Further, Plaintiff seeks damages "[f]rom $300,000 up to $1,000,000." Id. at 5.[3]

## III.    LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that

---

[2] It is difficult for the undesigned to recite the facts alleged in the complaint because the complaint is devoid of factual allegations and are otherwise incomprehensible.

[3] It is unclear to the Court Plaintiff's intended purpose in filing this document. To the extent it was filed as a supplement to his complaint, the undersigned will consider it as such. Further, the Court will consider all of the information contained in ECF Nos. 1 and 11 to determine if Plaintiff states a claim for relief.

indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements

3

of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### IV. DISCUSSION

#### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal

courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Here, Plaintiff does not claim that this Court has diversity jurisdiction under § 1332. ECF No. 1 at 1. Based on the limited information in the complaint, Plaintiff is a citizen of West Virginia. Id. It appears that Plaintiff lists all Defendants as West Virginia residents or located in West Virginia. Id. Therefore, diversity jurisdiction does not exist under § 1332.

Federal-question jurisdiction requires that the action "aris[e] under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. In the complaint, Plaintiff argues that federal-question jurisdiction exists. ECF No. 1 at 1. Specifically, he lists the Computer Fraud and Abuse Act ("CFAA"), Title 18, United States Code, § 1030 as the basis for his claim. Id. This ground could give rise to federal-question jurisdiction, because it is a federal statute, notwithstanding whether the allegations as set forth in the complaint give rise to a cause of action under this statute.

In the event that jurisdiction does exist, the undersigned will consider whether the complaint states a claim upon which relief can be granted.

**B. Failure to State a Claim**

It is generally difficult to understand what Plaintiff is alleging, against whom, and why. Plaintiff lists five Defendants in the caption of the complaint who allegedly committed a cyber offense against him. ECF No. 1 at 1. However, Plaintiff only provides two

5

sentences as his factual allegations in the complaint. The entire factual allegations merely state, "The de[f]endants did in fact commit a cyber offense against me by using to connected email address provided in my judicial misconduct complaint. I am seeking damages and criminal charges[.]" Id. at 2. This a vague, conclusory statement without facts or details to support Plaintiff's assertions. Twombly, 550 U.S. at 555. Plaintiff does not mention any specific Defendant or acts that they committed as part of Plaintiff's claim. However, Plaintiff provided various attachments to the complaint, which the undersigned considers as support for his factual allegations.

Even liberally construed, Plaintiff's attachments in his complaint are generally incomprehensible and leaves both this Court, and the would-be Defendants in this case, largely guessing as to the basis of Plaintiff's claim. See Twombly, 550 U.S. at 555. First, Plaintiff provides an email chain that includes various emails and addresses as part of an alleged internet scam against him. See ECF No. 1-1 at 1-8. In reviewing the email exchanges, there are no email addresses that directly or indirectly identify any named Defendant. Additionally, the Defendants are not mentioned in any emails. However, Plaintiff circles two of the email address and handwrites an assertion as to who the email addresses are connected to. Id. at 3, 5. Next to a May 3, 2021 email that was sent by [yakkabilly@skymesh.com.au](yakkabilly@skymesh.com.au), Plaintiff handwrites the name "Chuck Bergen." Id. at 3. To the extent that this is a factual allegation by Plaintiff, it is conclusory with no factual basis to support that the email is connected to Chuck Bergen. Then, Plaintiff circles email address [ananya@ncmrwf.gov.in](ananya@ncmrwf.gov.in), and handwrites "BB&T Employee" underneath. Id. at 5. Again, there are no facts regarding this email or address to support it being connected to BB&T or one of its employees. It is unclear how the email chain provided by Plaintiff

supports a claim against any of the named Defendants when there are no alleged facts connecting them to the emails. In order to survive dismissal for failure to state a claim, the Court needs comprehensible facts and not just general, conclusory statements to determine whether Plaintiff has a claim upon which any court could grant relief. See Twombly, 550 U.S. at 555.

Next, Plaintiff includes a complaint to the West Virginia Investigation Commission, a letter from an attorney in a civil matter, and an email to another attorney. ECF No. 1-1 at 10-18. It is not entirely clear how these attachments relate to the instant matter except that one of the documents lists Plaintiff's email address, and in the document, Plaintiff makes serious allegations against one of the named Defendants here. Id. at 10, 11. This information does not provide facts sufficient to support Plaintiff's claim or provide the Court with a claim in which it has jurisdiction over. See Iqbal, 556 U.S. at 679. Therefore, Plaintiff's complaint fails to state a claim upon which relief could be granted.

In his Complaint and Request for Injunction [ECF No. 11], Plaintiff makes no factual assertions and attaches fewer attachments. To the extent Plaintiff seeks injunctive relief, Plaintiff fails to identify who or what he seeks to enjoin. The only reference to injunctive relief is in the title of the filing.[4] As such, no relief is warranted.

## V.   RECOMMENDATION

For the foregoing reasons, I find that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] and Motion [ECF No. 11] for Injunction be **DISMISSED WITHOUT PREJUDICE** and

---

[4] Plaintiff includes an email that he sent to an attorney on July 11, 2021, but it is unknown how this relates to the complaint or his request for injunctive relief.

Plaintiff's Motion [ECF No. 5] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Jonathan Joe, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 22nd day of July, 2021.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE